## THE PEOPLE v. WHITE, 24 Wend. 520.
### Reported 22 Wend. 167.

### Murder; Indictment.

THE Supreme Court held upon a bill of exceptions, brought up on *certiorari* to obtain the advice of that court; that an indictment for murder at the common law, viz.; charging the act to have been done with *malice aforethought*, is not vitiated by the addition of the words " *that the act was done from a premeditated design to effect* the death of the deceased; such latter words may be rejected as surplusage.

They also held, that the fact that the judge in his charge to the jury in a criminal case, after alluding to the influence of proof of good character in a doubtful case, called the attention of the jury to the *want of such proof in the case before them*, is no cause for granting a new trial, where in other respects the charge is unexceptionable.

They also decided, which was not it seems reversed by the Court of Errors, that the associate judge of the Common Pleas of the city of New York, might hold a court of oyer and terminer in conjunction with two aldermen; and that when the trial commenced with the Circuit Judge presiding, the associate judge and two aldermen; and the Circuit Judge afterward left the court, and did not return, and the trial proceeded, the associate presiding, that it was not erroneous.

But a majority of the Court of Errors held that the charge in the indictment, that the crime was committed " *with a premeditated design to effect the death of the person killed*," or *express malice* must be proved; or the prisoner can not be convicted, although the act be also charged, as done " *with*

*malice aforethought ;*" the allegation " with *premeditated design,*" can not be rejected as surplusage.

2. That the judge's calling the attention of the jury to the *absence of proof of good character* was error, and the judgment of the Supreme Court was *reversed,* and a new trial ordered. 22 for reversal, one senator for affirmance.